UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MERIDIAN FINANCIAL ADVISORS, LTD., d/b/a THE MERIDIAN GROUP, as Receiver for OCMC, Inc., | ) ) ) ) | |
| Plaintiff, vs. | ) ) ) | NO. 1:07-cv-00995-LJM-TAB |
| JOSEPH A. PENCE, SCOTT HALL, NAVICOMM LLC, NAVICOMM, LTD., ICOE LTD, T3A LLC, RFE LLC, and THE PERISOS GROUP LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON PENCE'S MOTION FOR PARTIAL RECONSIDERATION OF 1/14/11 ORDER AND DEFENDANT JOSEPH PENCE'S MOTION *IN LIMINE* ON ESI

Pending before the Court are two of defendant's, Joseph Pence ("Pence"), motions. Pence's Motion for Partial Reconsideration of the 1/14/11 Order ("Motion to Reconsider") [Dkt. No. 507] asks this Court to reconsider its decision denying partial summary judgment to Pence on claims "based on Pence's alleged deletion of emails from the OCMC server." Pence's Motion *in Limine* on ESI ("Motion *in Limine*") [Dkt. No. 508] seeks to prevent plaintiff, Meridian Financial Advisors, Ltd. d/b/a the Meridian Group ("Meridian"), from using certain electronically stored information ("ESI") and evidence based upon said ESI at trial in this matter. The Court has considered the parties' arguments and, for the reasons set forth below, **DENIES** Pence's Motion to Reconsider [Dkt. No. 507] and **DENIES** Pence's Motion *in Limine* [Dkt. No. 508].

# I. BACKGROUND[1]

On July 12, 2010, following briefing and a hearing, the Court sanctioned Meridian both for discovery violations and abuse of the judicial process connected to Meridian's relationship with Ann Bernard and Erin Ray, two potential witnesses in this case. Dkt. No. 470 at 24. The Court concluded that Meridian intentionally failed "to identify ESI from the OCMC hard drives that Meridian had in its possession and found substantively relevant by the deadline for Initial Disclosures" in violation of Federal Rule of Civil Procedure 26(a). *Id.* As a sanction for Meridian's discovery rule violations, "Meridian is precluded from using this ESI in this case." *Id.*

On January 14, 2011, the Court issued an Order on Pence's request for summary judgment on all Meridian's claims against him. *See* Dkt. No. 499. Among other determinations, the Court concluded that genuine issues of material fact still existed as to whether Pence in fact deleted emails belonging to OCMC. *Id.* at 15–16, 21–22. As such, the Court declined to grant summary judgment to Pence on Meridian's claims of conversion (based on proprietary information in the emails), computer tampering, and violations of the Computer Fraud and Abuse Act, all based on Pence's alleged deletion of emails. *Id.* To substantiate its claim that Pence deleted emails belonging to OCMC, Meridian presented a report prepared by Tribridge Holdings, LLC ("Tribridge Report") in which John Robosson and Charles Firch opined that Pence's email inbox had decreased in size by ninety-eight percent between May 10, 2006, and May 11, 2006. *See* Dkt. No. 447-10 at 4; *see also* Dkt. No. 517-1 at 5.

---

[1] For a complete discussion of the facts in this case, see dkt. nos. 470, 499.

In the present Motion to Reconsider and Motion *in Limine*, Pence argues that the Tribridge Report should be excluded and, consequently, summary judgment granted in his favor on counts relying upon it because it is based on ESI excluded by the Court in its July 12, 2010 Order ("Sanctions Order"). Meridian contends that the Sanctions Order did not exclude the ESI underlying the Tribridge Report and, alternatively, that Pence waived any challenge to the admissibility of Tribridge Report by failing to raise objections at the summary judgment stage.

The Court includes additional facts below as necessary.

## II. DISCUSSION

The Federal Rules of Evidence as a whole include a presumption of admissibility for relevant evidence. *United States v. Seals*, 419 F.3d 600, 612 (7th Cir. 2005); *see also* FED. R. EVID. 403. The sanctions excluding certain ESI in this case were issued pursuant to the Court's discretion under Federal Rule of Civil Procedure 37, and Rule 37 sanctions "must be proportionate to the circumstances surrounding the failure to comply with discovery." *Langley ex rel. Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 2003) (quoting *Crown Life Ins. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993); *Newman v. Metro Pier & Expo. Auth.*, 962 F.2d 589, 591 (7th Cir. 1992)). With these guiding principles in mind, the Court examines the scope of ESI exclusion in the Sanctions Order.

Reviewing the Sanctions Order, the Court is not convinced that all ESI underlying the Tribridge Report is excluded. Clearly, the Sanctions Order excludes the so-called "secret emails" disclosed to the Magistrate Judge at the May 16, 2008, settlement conference. Dkt. No. 470 at 17. However, it is not clear that all the information underlying

the Tribridge Report comes from the secret emails as opposed to other categories of ESI possessed by Meridian. At this point in the litigation, the Court will err on the side of admission of relevant evidence, including the Tribridge Report. If Pence can show that the Tribridge Report is based the secret emails—either their existence or their contents—the Court will reevaluate its admissibility.

### III.  CONCLUSION

For the reasons set forth herein, defendant Joseph Pence's Motion for Partial Reconsideration of the 1/14/11 Order [Dkt. No. 507] is **DENIED**. Pence's Motion *in Limine* on ESI [Dkt. No. 508] also is **DENIED**.

IT IS SO ORDERED this 15th day of March 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

George William Bills Jr.
LAW OFFICE OF G. WILLIAM BILLS, JR.
gwilliambills@yahoo.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Kathleen A. Gallagher
ECKERT SEAMANS CHERIN & MELLOTT LLC
kgallagher@eckertseamans.com

Sandy B. Garfinkel
ECKERT SEAMANS CHERIN & MELLOTT, LLC
sgarfinkel@eckertseamans.com

Gregg Heinemann Jr.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
gheinemann@eckertseamans.com

Max W. Hittle Jr.
KRIEG DEVAULT, LLP
mhittle@kdlegal.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Thomas Livingston
OFFICE OF THE FEDERAL PUBLIC DEFENDER
thomas_livingston@fd.org

C. Kent May
ECKERT SEAMANS CHERIN & MELLOTT, LLC
kmay@eckertseamans.com

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Stephen S. Stallings
STALLINGS LLC
sstallings@stallings-law.com

Jana K. Strain
GEIGER CONRAD & HEAD, LLP
jana.strain@gch-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Ann Marie Waldron
awaldron@rwylaw.com

John H. Williams Jr.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
jwilliams@eckertseamans.com

SCOTT HALL
308 Blue Quail Ct.
Bedford, TX 76021