UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MERIDIAN FINANCIAL ADVISORS LTD, d/b/a THE MERIDIAN GROUP, as Receiver for OCMC, INC., Plaintiff, vs. JOSEPH A. PENCE, et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | 1:07-cv-995-LJM-TAB |

**DISCOVERY ORDER**

**I.  Introduction**

Plaintiff Meridian Financial Advisor's misconduct has sent this case on a two-year detour. Last July, the Court sanctioned Meridian—in part by awarding attorney's fees to Defendant Joseph Pence—resulting in this detour-within-a-detour regarding the scope of fee application discovery. Because Pence has produced sufficient evidence for Meridian to oppose his fee application, the Court denies Meridian's motions to compel. [Docket Nos. 500, 502.]

**II.  Background**

As described in the Court's sanctions order [Docket No. 470], this case arises from the collapse of telecommunications company OCMC. Defendant Joseph Pence served as OCMC's president, CEO, and director. Former Defendant Ann Bernard served as secretary and general counsel. On July 26, 2006, Pence and Bernard retained the law firm of Bose McKinney & Evans ("BME") to jointly represent them in this matter. On approximately February 20, 2008, Bernard and Meridian entered into a secret cooperation agreement. BME eventually learned of the agreement and resulting conflict between Pence and Bernard and moved to withdraw on

September 23, 2008. [Docket No. 179.] Pence later retained the firm of Price Waicukauski & Riley ("PWR") and joined in a motion for sanctions alleging that Meridian had engaged in various misconduct. [Docket Nos. 269–70.]

On July 12, 2010, the Court found that Meridian abused the judicial process through its secret relationship with Bernard and violated Federal Rule of Civil Procedure 26(a)(1)(A)(ii) by intentionally failing to identify electronically stored information. [Docket No. 470 at 24.] As part of its sanction, the Court awarded Pence attorney's fees "associated with his representation by BME during the time Bernard was secretly cooperating with Meridian and his attorney's fees and costs associated with investigating and filing [his] Motion for Sanctions." [*Id.*]

Pence requested $485,572.91 in attorney's fees and expenses for his representation by BME and PWR's work associated with his sanctions motion.[1] [Docket No. 481 at 2.] Pence supported his fee application with affidavits of BME's Jeff Gaither and PWR's Jana Strain. Attached to the affidavits were charts summarizing BME's monthly statements and PWR's fees and expenses. [Docket No. 473, Exs. B-1, B-2; Docket No. 481, Ex. A-1.] The BME chart contained dates and amounts for fees and costs but did not describe any of the work performed or costs incurred. The PWR charts contained descriptions, but the fee chart did not include dates.

Meridian requested, and the Court allowed, discovery into Pence's attorney's fees. Meridian served discovery on Pence on November 2, 2010. [Docket No. 504-1.] On the same date, Meridian subpoenaed BME and PWR, seeking all documents responsive to the Pence discovery "which are not produced by Mr. Pence on the basis that same are in the possession,

---

[1]Pence initially requested $526,672.92 in fees and expenses [Docket No. 473 at 11] but later identified an error and reduced his claim to $485,572.91. [Docket No. 481 at 2.]

custody and control of Bose McKinney & Evans or Price Waicukauski, rather than Mr. Pence." [Docket No. 504, Exs. B, C.]

BME did not formally respond to Meridian's subpoena. On December 6, PWR provided Pence's discovery responses and objections. PWR further explained that neither it nor BME would produce any documents in response to Meridian's subpoenas because Pence did not withhold any documents on the basis that they were in the firms' possession, custody, and control. [Docket No. 504, Ex. D.] On December 16, Meridian contacted BME about its lack of response. BME responded that "Mr. Pence did not fail to produce documents on the grounds that same were within our custody or control. Consequently, by the terms of your subpoena, no documents are due from Bose McKinney." [Docket No. 501 at 2.] Dissatisfied with these responses, Meridian moved to strike Pence's fee claim or, alternatively, to compel production of unredacted documents from Pence.[2] [Docket Nos. 500, 502.]

## III. Discussion

### A. *Meridian's motion to compel production of documents from BME*

Meridian seeks an order compelling BME to comply with the subpoena by producing unredacted records. [Docket No. 500.] Meridian argues that BME waived any objections by failing to respond to the subpoena. [*Id.* at 2.] BME responds that it has no documents to produce because the condition triggering the subpoena—Pence's failure to produce documents because they were in the custody or control of BME—never occurred. [Docket No. 512.]

Meridian correctly states that a more direct response from BME would have been

---

[2]Pence has since served discovery on Meridian, which Meridian moved to strike. Meridian's motion to strike only recently became ripe, and the Court is hopeful that the guidance in this entry will help the parties resolve Meridian's motion to strike.

3

appropriate. But BME is also correct that it had no responsive documents because Pence did not fail to produce documents on the grounds that BME controlled them. Meridian knew of BME's position from PWR's December 6 letter and heard directly from BME on December 16. Given the parties' history and the context of the subpoena, BME's lack of formal response is somewhat understandable. In any event, because BME has no responsive documents, the Court denies Meridian's motion to compel documents from BME.

B. *Meridian's motion to strike fee claim or to compel production of documents*

Meridian also seeks an order either striking Pence's fee claim or compelling Pence to produce unredacted documents. Meridian argues that Pence is improperly seeking "nearly half of a million dollars as fees without revealing the documents and information on which the fee claim is based." [Docket No. 502 at 1.]

Meridian's requests of Pence were broad. Meridian sought time sheets for the entire day for each day services were rendered (redacted to omit non-OCMC litigation); original bills; draft bills; mark-ups of bills; draft invoices; final invoices; "actual invoices issued"; and documents reviewed by counsel underlying their conclusion that Pence's fees were reasonable and necessary. Pence produced over 900 pages and 3 charts in response. However, Pence did not provide all types of documents requested, and he redacted on privilege grounds all BME work descriptions and any PWR work descriptions unrelated to the sanctions motion.

Meridian argues that the omitted documents and redactions prevent it from defending itself against Pence's fee claim, and that Pence waived any privilege by filing his fee

application.[3]  [Docket No. 502 at 2.]  Meridian specifically requests more information to determine whether charges for the related PNC litigation were shifted to this matter, whether services were reasonable and necessary, whether bills were altered or inflated, and whether BME and PWR improperly

> attempt to bill for 30 hour workdays, improperly purport to perform work simultaneously for different clients in distant cities, improperly attempt to double or triple bill distinct clients for identical services, such as travel, presentation of motions, legal research, etc.

[Docket No. 502 at 5.]  Meridian submits a 16-item list underlying its concerns about "the reliability and integrity of the *substance* of the Fee Application and the veracity of Defendant Pence's submission."  [Docket No. 502 at 9–10, 13.]

Pence responds that he did not waive any privilege and points out that "it is Meridian's conduct in intruding into the attorney-client relationship that has resulted in the sanctions order."  [Docket No. 510 at 9.]  Pence asserts that the level of proof for a sanctions award is lower than that for an award under a contract or fee-shifting statute, and he argues that no BME work descriptions are necessary because the Court broadly awarded all BME fees associated with a certain period.  Pence acknowledges that more detail is necessary (and was provided) when the specific nature of the services is at issue, such as that portion of the order awarding fees associated with Pence's sanctions motion.

---

[3]Meridian also represents that Pence "decline[d] to produce these discovery materials over this Court's clear determination that such discovery be allowed."  [Docket No. 502 at 1.]  Meridian misstates the Magistrate Judge's prior discovery order.  As Pence correctly points out, the Magistrate Judge granted only Meridian's motion for extension of time to conduct discovery regarding fees.  The Magistrate Judge did not determine the scope of discovery.  Instead, the Magistrate Judge advised Pence to respond to Meridian's discovery and assert any objections at that time.

As to BME, Pence has produced sufficient evidence to support his fee application.  As Pence points out, the sanctions order broadly awarded him fees associated with his representation during a defined period, not for discrete tasks.  Pence's chart of BME billing statements [Docket No. 473, Ex. A-1] shows this amount.  The chart also addresses Meridian's concern about improper billing for the PNC matter by separating amounts billed for the two matters.  In any event, Meridian has no need to contest the reasonableness of BME's fees because Pence also produced BME's monthly invoices and copies of checks paying the invoices. *RK Co. v. See*, 622 F.3d 846, 854 (7th Cir. 2010) ("[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them.").

As to PWR, the Strain affidavit and accompanying charts are substantial.  Although the work performed chart has no dates or matter numbers, the billing statements and work in progress reports show dates, descriptions, and matter numbers.  This information is sufficient to allow Meridian to defend itself against Pence's fee application.  Requiring additional production would only unnecessarily extend this lengthy detour.

Moreover, the Court declines to require production of additional materials to satisfy Meridian's far-fetched concerns about 30-hour workdays, triple billing, and the like.  These concerns appear to be largely an attempt to throw up some smoke.  Pence sufficiently responded to Meridian's three detailed allegations of impropriety, and Meridian's remaining 13 allegations lack sufficient citation to the record for the Court to determine whether Meridian has uncovered a nefarious billing scheme.  Concerns such as those identified in Meridian's list may be properly addressed in resolution of Pence's fee application and are not grounds for additional discovery. Meridian's motion to strike Pence's fee claim or to compel production of unredacted documents

is therefore denied.

### IV. Conclusion

Meridian's motion to compel documents from BME [Docket No. 500] and to strike Pence's fee claim or compel production of documents from Pence [Docket No. 502] are denied.

Also pending is Meridian's motion for extension of the deadlines for discovery and briefing regarding fees, which are April 30, 2011, and June 28, 2011, respectively. [Docket No. 524.] Meridian seeks an additional 60 days for each deadline. Such additional time is unnecessary given the Court's denial of Meridian's motions to compel. April 30 has passed, so Meridian may have until May 19, 2011, to complete discovery on fees. The June 28, 2011, briefing deadline remains in place.

Dated: 05/05/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

George William Bills Jr.
LAW OFFICE OF G. WILLIAM BILLS, JR.
gwilliambills@yahoo.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Kathleen A. Gallagher
ECKERT SEAMANS CHERIN & MELLOTT LLC
kgallagher@eckertseamans.com

Sandy B. Garfinkel
ECKERT SEAMANS CHERIN & MELLOTT, LLC
sgarfinkel@eckertseamans.com

Gregg Heinemann Jr.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
gheinemann@eckertseamans.com

Max W. Hittle Jr.
KRIEG DEVAULT, LLP
mhittle@kdlegal.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Thomas Livingston
OFFICE OF THE FEDERAL PUBLIC DEFENDER
thomas_livingston@fd.org

C. Kent May
ECKERT SEAMANS CHERIN & MELLOTT, LLC
kmay@eckertseamans.com

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Stephen S. Stallings
STALLINGS LLC
sstallings@stallings-law.com

Jana K. Strain
GEIGER CONRAD & HEAD, LLP
jana.strain@gch-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Ann Marie Waldron
awaldron@rwylaw.com

John H. Williams Jr.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
jwilliams@eckertseamans.com

SCOTT HALL
308 Blue Quail Ct.
Bedford, TX 76021