UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MERIDIAN FINANCIAL ADVISORS, | ) | |
| LTD. D/B/A THE MERIDIAN GROUP, | ) | |
| *as Receiver for OCMC, Inc.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:07-cv-00995-LJM-TAB |
| | ) | |
| JOSEPH A. PENCE, SCOTT HALL, | ) | |
| NAVICOMM LLC, NAVICOMM, LTD, | ) | |
| ICOE LTD, T3A LLC, RFE LLC, | ) | |
| THE PERISOS GROUP LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court following a hearing on defendant, Joseph Pence ("Pence"), amended application for attorneys' fees [dkt. no. 481].   The Court has considered the parties' arguments and submitted materials and rules as follows.

## I.  BACKGROUND

On July 12, 2010, following extensive briefing and oral argument, the Court issued an Order ("Sanctions Order") granting Pence attorneys' fees from plaintiff, Meridian Financial Advisors, Ltd. ("Meridian"), as a sanction for various misconduct.  *See* dkt. no. 470.  These sanctions were entered under Federal Rule of Civil Procedure 26 and the Court's inherent authority to sanction conduct that abuses the judicial process.  *Id.* at 17, 22.  Specifically, the Court found that Meridian committed or contributed to the commission of the following violations:

• Failure to timely disclose certain electronically stored information,

including the so-called "Secret Emails"

- Failure to inform Pence's counsel that Meridian had seen or potentially had seen emails protected by attorney-client privilege provided by former co-defendant Ann Bernard under a secret cooperation agreement

- Meridian's attempted use of and attempt to garner the benefits of Erin Ray, acting as an agent for Meridian, having accessed and retrieved Pence's personal email, including potentially privileged communications

*Id.* at 16–17, 22. As a sanction for its conduct, Meridian was directed to "pay Pence's attorneys' fees and costs incurred in filing [the sanctions] motion and bringing Meridian's unfortunate conduct to the Court's attention." *Id.* at 16–17. Meridian was further precluded from using any evidence it failed to produce under Federal Rule of Civil Procedure 23. *Id.* at 17. However, despite Pence's request, the Court determined that dismissal of the suit was an overly severe penalty, concluding that an award of attorneys' fees and exclusion of certain evidence provided a sufficient sanction. *Id.* at 23.

Over the next year, the parties submitted copious briefing and evidence on the amount of attorneys' fees due to Pence as a result of the Sanctions Order, and many of Meridian's requests for additional discovery on the issue were granted. *See* dkt. nos. 473–74, 478–79, 481–83, 495, 500–05, 510, 512–14, 524, 527, 529, 532–35, 537–41, 545–47. In total, Pence requests $567,681.49 in attorneys' fees and costs resulting from the Sanctions Order and subsequent litigation on the fees issue. Dkt. Nos. 481, 546.

On November 7–8, 2011, the Court held a hearing on the appropriate amount of attorneys' fees. *See* dkt. nos. 560–61. At this hearing, the parties agreed that the fees in question can be broken down in three categories: (1) Bose McKinney & Evans fees ("BME Fees") incurred between February and September 2008, (2) Price Waicukauski & Riley

2

fees ("PWR Fees") incurred between March 2009 and August 2010, and (3) all fees incurred after the Application for Fees was filed ("Fees-on-Fees").  As litigation is ongoing, Pence refused to provide Meridian with an hourly breakdown of the BME Fees, and therefore Meridian does not have all the information necessary to challenge the BME Fees. Additionally, much of the time accounted for in the Fees-on-Fees is dependent on the reasonableness of the BME Fees.  Consequently, the Court ruled that only the PWR Fees can be determined at this time.  The Court reserves judgment on the BME Fees and the Fees-on-Fees until the end of the litigation.

In his request for the PWR Fees, Pence contends that his attorneys spent 517.9 hours investigating and litigating the conduct set forth in the Sanctions Order, incurring $133,100.50 in attorneys' fees and $50,475.02 in expenses.  Dkt. No. 473-3 ¶¶ 9–11. According to Jana K. Strain, Pence's counsel, this represents slightly over thirty percent of the total work performed in this case.  Testimony of J. Strain.  The present Order addresses the PWR Fees only.

The Court includes additional facts below as necessary.

## II.  DISCUSSION

When imposing sanctions, the Court must ensure that those sanctions are reasonable and proportionate to the infraction.  *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998).  The Court must ensure that its award adequately sanctions Meridian for its recalcitrant behavior without requiring Meridian to pay either an excessive amount or fees unrelated to Meridian's misconduct.  The Court notes that neither party challenges the reasonableness of the hourly rates for Pence's counsel—$375.00 for Mr.

3

Waicukauski, $250.00 for Ms. Strain, and either $100.00 or $115.00 for paralegals—and the Court, therefore, concludes that these rates are reasonable. Instead, the parties disagree on the specific activities that should be covered. The Court first addresses the parties' general arguments then turns to the specific amounts requested.

In his presentation to the Court, Pence suggested that the fees award should act, in part, to punish Meridian for its unacceptable behavior. Meridian strenuously objected, contending that punishment is not a proper basis for awarding fees. Meridian further contended that any fees awarded as "punishment" would amount to a criminal contempt sanction, requiring a higher standard of review. The Court agrees that punishment is not a proper consideration for the Court in determining the fee award in this case. *See Tyson v. Trigg*, 50 F.3d 436, 445–46 (7th Cir. 1995). In this case, the Sanctions Order contemplates a sanction for activity that has ceased rather than a punishment to prevent future violations. Having said that, the Court finds nothing inherently improper about Pence and his counsel arguing that punishment should be considered. *See, e.g., City of Valparaiso v. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 471 (N.D. Ind. 1987) ("Two of the most important purposes of [sanctions] are punishment and deterrence."). The Court, however, does not craft its award to punish Meridian.

At the hearing, Meridian argued that a lower award than requested is appropriate because the misconduct at issue in the Sanctions Order was perpetrated by Meridian's former counsel, not Meridian itself. The Court rejects this argument outright. As the Court noted in the Sanctions Order, non-disclosure of information was part of Meridian's overall litigation strategy, not a unilateral decision by Meridian's counsel:

For strategic reasons, [Meridian] and its attorneys decided not to let the

4

> Defendants know that [Meridian] had discovered the 'secret emails' from the OCMC hard drives and email server until the Defendants made formal discovery requests for the documents. [Meridian] believed that the Defendants thought that this evidence had been destroyed and [Meridian] wanted to lock the Defendants into sworn testimony before the existence of the emails was revealed.

Dkt. No. 470 at 6 (quoting Good Aff., dkt. no. 286-3 ¶ 27).  The Court issued its Sanctions Order against Meridian, not Meridian's counsel, and the Court remains unconvinced that the misconduct at issue was the fault of Meridian's former counsel exclusive of Meridian.

Meridian, both in its briefs and at the hearing, argued that Pence's fee requests are unreasonable because they fail to apportion fees adequately.  The Court shares Meridian's concern over apportioning attorneys' fees in this case.  Given the Sanctions Order's admonishment that Pence be able to collect only fees "incurred in filing [the sanctions] motion and bringing Meridian's unfortunate conduct to the Court's attention," dkt. no. 470 at 16–17, Pence's total attorneys' fees must be apportioned such that he does not collect attorneys' fees incurred outside the scope of the Sanctions Order.  Appointment in this case is difficult for a number of reasons, including the presence of related litigation involving the same or similar conduct, representation of multiple individuals and entities, changing of attorneys and law firms, and the involvement of former co-defendants who settled with Meridian following some of the discovery at issue in the Sanctions Order.  The court observes that Pence and his counsel have made a concerted effort to limit the requested attorneys' fees to work related to investigating and litigating the Sanctions Order.  *See generally* dkt. no. 473.  Although the Court may decide that Pence is not entitled to all the fees requested, there is nothing to indicate that Pence or his counsel acted in bad faith in their attempt to separate the relevant and non-relevant fees.

5

Additionally, Meridian takes issue with allowing an award for any work related to Pence's Motion for Leave to File Complaint Against the Receiver, filed in related litigation. *See* dkt. no. 215, *PNC Bank, Nat'l Ass'n v. OCMC, Inc.*, No. 1:06-cv-755-LJM-TAB (S.D. Ind. filed Dec. 1, 2009). However, as noted in the Court denial of that motion, the issues in the two motions are closely related, and one of the Court's reasons for declining to allow Pence to file his complaint was that "the sanctions in the related litigation adequately compensate[] Pence for the misconduct of [Meridian's] agents[.]" *See PNC Bank, Nat'l Ass'n v. OCMC, Inc.*, No. 1:06-cv-755-LJM-TAB, 2010 WL 3782157, at *8 (S.D. Ind. Sept. 20, 2010). Although the Court agrees with Meridian that Pence cannot claim fees for unrelated sections of the motion in related litigation, because issues between the two motions significantly overlap, the Court concludes that Pence may recover fees for investigation and legal research applicable to the Sanctions Order and the related litigation at the same time.

Although fees must be apportioned based on the type of work completed and the client represented, the Court disagrees with Meridian that any apportionment should be made based on Pence's degree of success in his motion seeking sanctions. In challenging Meridian's conduct, Pence alternatively requested sanctions or outright dismissal of the case. *See* dkt. no. 269. Although the Court imposed sanctions, the Court declined to dismiss the case. *See* dkt. no. 470. However, contrary to Meridian's assertion, the lack of dismissal does not render Pence's request less successful. The Court found Meridian's conduct improper, and the Court's choice of remedy does not change Pence's victory in that regard. Therefore, no apportionment will be made based on degree of success.

Lastly, Meridian objected to Pence's use of a summary chart ("Summary Chart")

6

[dkt. no. 473-4] showing the hours requested without dates. The Court concludes that Pence's Summary Chart is proper and may be considered. *See* FED. R. EVID. 1006. Pence's counsel has provided Meridian and the Court with the PWR's internal records for all entries in the Summary Chart. *See* dkt. no. 504-7. There is no evidence that Pence's counsel falsified the records in either the Summary Chart or the WIP. The Summary Chart contains sufficient detail for the Court to determine which entries represent reasonable fees properly within the scope of the Sanctions Order. Therefore, the Court will consider the Summary Chart.

The Court reviewed the Summary Chart and grants Pence attorneys' fees for work entries that were both reasonable and clearly related to the investigation and filing leading to the Sanctions Order. A complete list of accepted entries can be found at the Appendix attached to this Order. The Court excluded all entries that were insufficiently detailed to determine their connection to the Sanctions Order, as well as entries that the Court concludes are not within the scope of the Sanctions Order. Additionally, the Court excluded the fees requested for the depositions of Maggie Good, Michael Von Lehman, and Ann Bernard, as the Court could not determine what, if any, portions of these depositions were used for the Sanctions Order as opposed to general discovery in this litigation. In total, the Court awards Pence $76,733.50 in PWR Fees. The Court denies all other PWR Fees.

Turning to Pence's requested expenses, the Court concludes that because Rebecca Hendricks's computer consulting services were used for a number of computer issues outside the scope of the Sanctions Order, Pence is not entitled to full collection of the expenses associated with Hendricks. Therefore, the Court excludes Hendricks's expenses for travel to Pittsburgh and imaging the OCMC servers. However, the Court disagrees with

7

Meridian that Hendricks's work is irrelevant to the Sanctions Order and, therefore, allows recovery of the expenses for Hendricks's report and conferences with Pence's attorneys. *See* dkt. no. 507 at PWR_000054.  The Court awards Pence $8,217.00 in expenses for work done by Hendricks, as well as $2775.56 in other expenses,[1] totaling $10,992.56 in expenses.  The Court denies all other expenses requested by Pence.

---

[1] In addition to the Hendricks expenses, the Court awards Pence expenses for the following entries:

- 11/2/2009 Services rendered by Jim Walsh for deposition of Erin Ray on July 9, 2009: $789.00
- 2/16/2010 Witness fee made payable to Erin Ray in February, 2010: $59.00
- 4/1/2010 Professional servises [sic] rendered by Hurley and Associates in March, 2010: $150.00
- 4/30/2009 ACBA Services, Inc. - deposition of M. Good: $1,777.56

*See* dkt. no. 473-5 at 1.

### III.  CONCLUSION

For the foregoing reasons, plaintiff, Meridian Financial Advisors, is hereby **ORDERED** to pay to defendant, Joseph Pence, $87,726.06 in attorneys' fees and expenses incurred during his representation by Price Waicukauski & Riley during the period from March 2009 until entry of the Sanctions Order on July 12, 2010.  The Court reserves ruling on the Bose McKinney & Evans fees, as well as all fees incurred in litigating the fee issue, until the close of litigation.  A separate judgment shall issue.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court, determining that there is no just reason for delay, declares this to be final judgment as to the Price Waicukauski & Riley fees for the covered period.

IT IS SO ORDERED this 21st day of November, 2011.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution attached.

9

Distribution to:

George William Bills Jr.
LAW OFFICE OF G. WILLIAM BILLS, JR.
gwilliambills@yahoo.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Kathleen A. Gallagher
ECKERT SEAMANS CHERIN & MELLOTT LLC
kgallagher@eckertseamans.com

Sandy B. Garfinkel
ECKERT SEAMANS CHERIN & MELLOTT, LLC
sgarfinkel@eckertseamans.com

Gregg  Heinemann Jr.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
gheinemann@eckertseamans.com

Max W. Hittle Jr.
KRIEG DEVAULT, LLP
mhittle@kdlegal.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Thomas  Livingston
OFFICE OF THE FEDERAL PUBLIC DEFENDER
thomas_livingston@fd.org

C. Kent May
ECKERT SEAMANS CHERIN & MELLOTT, LLC
kmay@eckertseamans.com

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Stephen S. Stallings
STALLINGS LLC
sstallings@stallings-law.com

Jana K. Strain
Jana K. Strain, Attorney/Mediator
jkstrain@strain-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Ann Marie Waldron
awaldron@rwylaw.com

John H. Williams Jr.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
jwilliams@eckertseamans.com

SCOTT HALL
308 Blue Quail Ct.
Bedford, TX 76021

## APPENDIX: ATTORNEYS' FEES

The following table includes each attorneys' fee description included in the Court's overall fee calculation, noted by location in the chart of Price, Waicukauski, & Riley's billing entries found at Dkt. No. 473-4.  Entries not included in the table were not included in the Court's attorneys' fee award.

| Page/Row | Timekeeper | Description of Work Performed | Hourly rate | Hours worked | Total |
|---|---|---|---|---|---|
| 1/3 | JKS | Worked on issues in preparation for call with co-defendants' counsel; read M. Good Feb. 2009 deposition form Thermo Credit | $250 | 5.40 | $1,350.00 |
| 1/7 | JKS | Reviewed emails produced by Meridian showing communications between Pence and co-defendants with joint counsel; reviewed correspondence from Krieg DeVault re Meridian responses to discovery; conferred with Joe Pence re discovery materials and correspondence received re OCMC, Inc.; conferred with Staci Henry re creating consolidated timeline for pleadings index; reviewed timing issues within same; reviewed receiver's answers to first interrogatories | $250 | 5.00 | $1,250.00 |
| 1/8 | JKS | Reviewed receiver status report, conferred with Joe Pence re fact issues in same; reviewed documents contradicting status report; conferred with co-counsel re calls with opposing counsel re pretrial and motion to dismiss | $250 | 3.80 | $950.00 |
| 1/10 | JKS | Dealt with issues re discovery documents and formatting of Mac documents; conferred with Joe Pence re same; continued analysis of documents related to motion to dismiss | $250 | 1.30 | $325.00 |
| 2/5 | JKS | Reviewed emails from Steve Stallings re production of documents; reviewed files for information re same; reviewed and responded to emails re document issues; worked on fact and legal analysis re Bernard issues | $250 | 2.80 | $700.00 |

11

| 2/7 | JKS | Worked on arrangements for document review at warehouse and continued review of Meridian document production | $250 | 0.60 | $150.00 |
|---|---|---|---|---|---|
| 2/8 | JKS | Reviewed correspondence from PNC counsel John Leathers re Ann Bernard emails; conferred with Ron Waicukauski re same; reviewed pallet list to identify specific areas for further fact investigation at warehouse | $250 | 2.00 | $500.00 |
| 3/1 | JKS | Reviewed and responded to emails re obtaining copies of Joe Pence's gmail and macmail history from providers; reviewed documents copied to drive for service to OPC; prepared index re same; conferred with team re problems in scanning documents and reviewed same to assure files had not been compromised; drafted correspondence to Jeff McDermott providing copies of documents scanned at warehouse | $250 | 5.10 | $1,275.00 |
| 3/2 | JKS | Reviewed emails re documents obtained from Receiver and continued fact investigation re Erin Ray; reviewed documents on discs re same | $250 | 7.30 | $1,825.00 |
| 3/3 | JKS | Worked on review of documents re Erin Ray deposition, server corruption and coordination of data | $250 | 6.00 | $1,500.00 |
| 3/4 | JKS | Worked on document review and collection of information to prepare for Erin Ray deposition; numerous conferences with counsel and client re same; worked on matters re timeline of authorized email access; met with co-counsel and clients to prepare Ray for depositions | $250 | 9.80 | $2,450.00 |
| 3/10 | MKR | Drafted Notice of Intent to Serve Non-Party Request for Production of Documents to send to Apple and Google; conferred with Jana Strain regarding same | $115 | 2.00 | $230.00 |
| 4/1 | VAB | Left voice message for Julie Adkins at Apple re outstanding requests for production; email to Jana Strain re same | $100 | 0.10 | $10.00 |

| 4/2 | VAB | Conferred with Jana Strain re Google subpoenas; began drafting same; reviewed emails from Jana Strain re Google addresses; reviewed Google response to prior subpoena and request for production; researched California U.S. District Courts | $100 | 1.30 | $130.00 |
|---|---|---|---|---|---|
| 4/4 | JKS | Reviewed correspondence from Apple re Pence email logs; forwarded same to Joe Pence; conferred with Joe Pence re research identifying log addresses; conferred with Steve Stallings and David Berardinelli re results of search; reviewed documents related to same | $250 | 2.20 | $550.00 |
| 4/5 | JKS | Reviewed and responded to additional emails re Apple documents and timing of Ray's work for receiver; reviewed documents re same | $250 | 2.70 | $675.00 |
| 4/6 | JKS | Prepared and sent correspondence to OPC re Apple production; reviewed documents emailed to me by Joe Pence re Erin Ray access and work issues | $250 | 2.10 | $525.00 |
| 4/8 | JKS | Reviewed CERF forensic summary; emailed Steve Stallings re fact issues about same and issues re inspecting apple email server | $250 | 2.50 | $625.00 |
| 4/9 | JKS | Reviewed depositions for info re M. VonLehman involvement in issues with Erin Ray; participated in conference call with Rebecca Hendricks re same | $250 | 4.20 | $1,050.00 |
| 5/1 | JKS | Reviewed and responded to numerous email communications re filing of motion to dismiss and attempt to coordinate call with Krieg DeVault attorneys | $250 | 0.60 | $150.00 |
| 5/2 | JKS | Prepared for and participated in conference call re 37.1 (outstanding discovery) and 7.1 (motion to dismiss for sanctions) conferences; emailed summary information to Ron Waicukauski re same | $250 | 1.40 | $350.00 |
| 5/3 | JKS | Conferred with co-counsel re motion to dismiss filing; conducted legal research re same; conferred with Joe Pence re discovery and document issues | $250 | 2.10 | $525.00 |

| 5/4 | JKS | Reviewed and commented on revised draft brief, reviewed documents and provided additional factual support and exhibits re conduct described in Mtn | $250 | 5.20 | $1,300.00 |
|-----|-----|---|---|---|---|
| 5/5 | JKS | Reviewed revised brief for filing; numerous conferences via email and telephone with counsel and client re same | $250 | 2.90 | $725.00 |
| 5/6 | JKS | Conferred with Steve Stallings re filing document under seal; contacted court for direction as to same; prepared motion for filing under seal and cover page; reviewed revised document for fling; conferred with team re document review | $250 | 1.90 | $475.00 |
| 5/8 | JKS | Reviewed sealed exhibits and obtained file copies to correct omissions in our file; reviewed filings from Meridian; conferred with team re same; reviewed and responded to email from McDermott re reviewing documents at warehouse and team responses to same | $250 | 5.70 | $1,425.00 |
| 5/9 | JKS | Continued work on reviewing and analyzing Meridian's response to motion to dismiss; working on compiling evidence as to issues raised to confirm appropriate reply and shared with team; reviewed and responded to numerous emails re response to motion to dismiss and related evidence issues; worked on legal research re joint defense and common interest issues | $250 | 7.20 | $1,800.00 |
| 6/1 | JKS | Conducted legal research re professional rules issues; reviewed numerous emails from Pence searches re email hacking and other issues; met with Joe Pence re case status and organization of electronic discovery; worked on review and analysis of response to motion to dismiss and provided comments to team re same | $250 | 4.90 | $1,225.00 |

| 6/2 | JKS | Worked on analysis of payroll records for Erin Ray; directed Staci Henry in preparing charts of information for easier analysis by team and to confirm scope of records; worked on timeline issues in relationship to Ann Bernard cooperation agreement for use in additional motion to dismiss briefing; conducted extensive legal research and analysis re digital communications, invasion of privacy, etc. for reply to issues raised in Meridian's brief | $250 | 7.90 | $1,975.00 |
| 6/4 | JKS | Reviewed emails from Steve Stallings and Joe Pence re IP searches and affidavit in support of reply on motion to dismiss; reviewed documents re same | $250 | 1.90 | $475.00 |
| 6/5 | JKS | Reviewed and responded to various emails re documents and searched Meridian production re same; reviewed notes of call with McDermott for affidavit issues; conferred with Steve Stallings and Joe Pence re Amex charges for Macmail account; reviewed Meridian documents for fact development and evidence purposes; conference call with co-counsel re filing issues; drafted Pence affidavit with Joe Pence; prepared chart of litigation events during time when Bernard was cooperating and analyzed same for brief; reviewed and edited Stallings affidavit; reviewed drafts related to the reply brief; conducted document and legal analysis to assist with same; worked on document review and analysis re Erin Ray as employee v. independent contractor; worked on receiver payroll analysis | $250 | 7.90 | $1,975.00 |
| 6/6 | JKS | Worked on editing, compiling exhibits, analysis of additional issues, etc., related to filing of reply brief; worked on revisions to affidavit for filing in support; conferred with co-counsel re page limits and attempted to reduce brief where possible; draft motion for leave to file oversized brief and proposed order re same; reviewed additional possible exhibits; conducted additional research as needed | $250 | 9.40 | $2,350.00 |

| 7/3 | JKS | Reviewed filing by Meridian re Erin Ray facts; reviewed and responded to emails re same; contacted several references for information re computer forensic experts | $250 | 5.20 | $1,300.00 |
|---|---|---|---|---|---|
| 7/5 | JKS | Worked on response to motion to strike Pence affidavit, legal research, drafting, exhibits for same | $250 | 4.40 | $1,100.00 |
| 7/6 | JKS | Finalized for filing defendant's opposition to motion to strike Pence affidavit with attachments, including edits, conference with Pence, conferences with co-counsel, and additional legal research re same | $250 | 3.50 | $875.00 |
| 7/7 | JKS | Reviewed motion and brief filed by Meridian to exclude Sales Defs from sanctions hearing | $250 | 1.60 | $400.00 |
| 7/8 | JKS | Reviewed Meridian's motion for leave to file findings & conclusions; emailed Stallings re response to same; conferred with Robin burton re compiling expenses & WIP for possible use if requested by court for sanctions | $250 | 0.60 | $150.00 |
| 7/9 | JKS | Prepared and filed joinder in response re motion for leave to file findings/conclusions re hearing | $250 | 0.40 | $100.00 |
| 7/11 | JKS | Worked on legal research regarding joint defense privilege and ability of participant to waive as to other participants | $250 | 2.10 | $525.00 |
| 7/12 | JKS | Worked on legal analysis re issues raised in motion to dismiss; conducted legal research re receiver issues; conferred with Joe Pence re email server documents; conferred with co-counsel re McDermott conference | $250 | 1.80 | $450.00 |
| 7/13 | JKS | Reviewed preliminary draft of fact portions of motion to dismiss; worked on legal research re same | $250 | 4.00 | $1,000.00 |

| 8/5 | JKS | Reviewed case law re stored communications act; reviewed and responded to emails re Meridian's request for enlargement of time for reply to motion to dismiss and to emails re scheduling depositions; worked on legal research and analysis re invasion of privacy/digital communications issues | $250 | 3.90 | $975.00 |
|---|---|---|---|---|---|
| 8/9 | RJW | Reviewed notice of 30(b)(6) deposition of Meridian and scheduling order for hearing on motion for sanctions; reviewed email from Kathy Gallagher re extending discovery cutoff | $375 | 0.20 | $75.00 |
| 8/10 | RJW | Conferred with Jana Strain re plans for hearing on motion to dismiss and status of settlement; reviewed emails re same and deposition designations | $375 | 0.30 | $112.50 |
| 8/11 | RJW | Reviewed email from Judge McKinney's law clerk re exhibits and witness statements for hearing on motion to dismiss | $375 | 0.10 | $37.50 |
| 8/12 | RJW | Reviewed emails in preparation for hearing on motion to dismiss; reviewed pleadings re same | $375 | 2.60 | $975.00 |
| 8/13 | RJW | Reviewed recent filings; reviewed emails from Jana Strain, Kathy Gallagher and David Berardinelli; conferred with co-counsel, witnesses and clients re preparation for hearing on motion to dismiss; reviewed file re same; prepared to address issues on behalf of Joe Pence | $375 | 10.70 | $4,012.50 |
| 9/1 | RJW | Continued preparing for hearing; conferred with clients and co-counsel re same; attended hearing; conferred with clients and co-counsel re hearing and follow-up to same | $375 | 11.50 | $4,312.50 |
| 9/2 | RJW | Reviewed motion to file proposed findings and conclusions | $375 | 0.10 | $37.50 |
| 9/3 | VAB | Reviewed email from Jana Strain; prepared subpoena to Erin Ray for March 25, 2010 hearing | $100 | 0.50 | $50.00 |
| 9/4 | VAB | Prepared draft subpoenas for Jeff Gaither, Jeff McDermott, Anne Bernard for March 25 hearing; conferred with Jana Strain re same | $100 | 0.70 | $70.00 |

| 9/6 | JKS | Prepared for & participated in conference call with co-counsel re status, task review, strategy for 3/25 hearing | $250 | 3.20 | $800.00 |
|---|---|---|---|---|---|
| 9/7 | JKS | Reviewed subpoenas for Erin Ray, Jeff Gaither, Jeff McDermott; conferred with co counsel re same | $250 | 0.60 | $150.00 |
| 9/8 | JKS | Returned call to Jeff Gaither re subpoena for hearing; emailed co-counsel re same | $250 | 0.60 | $150.00 |
| 9/9 | JKS | Reviewed proposed stipulations for hearing on Motion for sanctions; participated in various conferences with co-counsel and with all counsel to negotiate & finalize stipulations; reviewed files for exhibits re attorney client contract with Bose for Pence and BT&M; conferred with David Berardinelli re same | $250 | 4.20 | $1,050.00 |
| 9/12 | JKS | Worked on issues in preparation for sanctions hearing | $250 | 1.40 | $350.00 |
| 9/13 | JKS | Worked on legal analysis & additional exhibit issues for sanctions hearing | $250 | 3.50 | $875.00 |
| 9/14 | JKS | Returned call to Jeff Gaither re hearing; preparation; compiled materials & drafted letter to forward requested materials for his review in preparing for hearing; prepared status report for Ron Waicukauski re sanctions hearing and related research issues | $250 | 2.80 | $700.00 |
| 9/15 | JKS | Worked on compiling exhibits in final form for hearing; conferred with Ron Waicukauski re hearing issues | $250 | 2.00 | $500.00 |
| 10/1 | JKS | Worked on draft deposition designations for the sanctions hearing; circulated to co-counsel for comments | $250 | 7.30 | $1,825.00 |
| 10/3 | JKS | Continued to work on preparation for hearing, including scheduling witness preparation, conferring with witnesses re documents to review before preparation, and preparing outlines for hearing; conferred with Kathy Gallagher re witnesses for hearing | $250 | 9.00 | $2,250.00 |

| 10/4 | JKS | Met with co-counsel to prepare for hearing; worked on preparation of witnesses; reviewed exhibits; prepared exhibit binders for hearing; conducted legal research on issues that might be argued at hearing; conferred with Ronald Waicukauski re issues for hearing | $250 | 11.00 | $2,750.00 |
|------|-----|-----|------|------|------|
| 10/5 | JKS | Prepared for & participated in evidentiary hearing on motion for sanctions in federal court; met with clients & co-counsel to discuss same and strategy | $250 | 9.00 | $2,250.00 |
| 11/1 | JKS | Reviewed and responded to emails re extending deadlines for filing briefs re motion to dismiss and consolidation; reviewed drafts re same | $250 | 1.20 | $300.00 |
| 11/5 | JKS | Reviewed and responded to emails and correspondence re motion to dismiss | $250 | 1.00 | $250.00 |
| 11/7 | MKR | Researched computer forensic firms and forwarded information to Jana K. Strain | $115 | 0.40 | $46.00 |
| 11/8 | JKS | Conferred with Joe Pence and with co-counsel re computer forensic issues; conferred with co-counsel re strategy for further discovery | $250 | 1.60 | $400.00 |
| 11/9 | JKS | Conferred with co-counsel re server issues | $250 | 0.80 | $200.00 |
| 11/10 | JKS | Conferred with co-counsel re expert consultant re computer issues; conferred with Joe Pence re same | $250 | 0.70 | $175.00 |
| 11/14 | RJW | Reviewed and responded to email from Steve Stallings re computer expert; reviewed emails and letter from Jana Strain re expert and discovery matters | $375 | 0.20 | $75.00 |
| 11/15 | RJW | Reviewed email from Jana Strain re retention of computer expert | $375 | 0.10 | $37.50 |
| 12/1 | VAB | Email exchange with Jana K. Strain re receipt of document from Apple | $100 | 0.10 | $10.00 |
| 12/2 | JKS | Participated in conferences regarding computer expert issues; conferred with Joe Pence re damages issues | $250 | 1.50 | $375.00 |

| 12/3 | JKS | Conferred with Joe Pence re damages issues; conferred with Valerie Bloom re Apple nonparty documents | $250 | 0.60 | $150.00 |
|------|-----|-----|------|------|--------|
| 12/4 | JKS | Participated in numerous conferences via email re computer server | $250 | 0.80 | $200.00 |
| 12/6 | RJW | Reviewed draft expert report; reviewed submissions on motion to dismiss | $375 | 2.50 | $937.50 |
| 12/7 | RJW | Reviewed preliminary expert report of Rebecca Hendricks and reports from experts hired by Meridian and PNC; reviewed emails from Jana Strain re settlement by Brad Benge and negotiations with Steve Stallings about other defendants | $375 | 1.20 | $450.00 |
| 12/8 | JKS | Conferred with Rebecca Hendricks re forensic investigation issues & estimated budget; conferred with Joe Pence re server issues & most cost-effective way to obtain information we need; conferred with Ronald J. Waicukauski and Steve Stallings re cost estimates and Joe Pence's thoughts re same | $250 | 1.20 | $300.00 |
| 12/9 | JKS | Emailed OPC re scheduling computer consultant to look at OCMC servers; conferred with Rebecca Hendricks, Mirror Consulting re forensic investigation | $250 | 0.50 | $125.00 |
| 12/10 | JKS | Talked with Joe Pence re technology consultant and emails re timing of investigation; reviewed documents re same; additional analysis of legal issues re forensic analysis | $250 | 4.10 | $1,025.00 |
| 12/11 | JKS | Dealt with issues re engaging computer expert; reviewed response from Kathy Gallagher re computer forensic issues; conferred with co counsel re same; responded to Gallagher re prior representations re same | $250 | 2.10 | $525.00 |
| 12/12 | JKS | Conferred with Rebecca Hendricks re scheduling forensic examination | $250 | 0/30 | $75.00 |
| 12/13 | JKS | Conferred with Kathy Gallagher re forensic computer scheduling; emailed co-counsel re information obtained and schedule issues | $250 | 0.40 | $100.00 |

20

| 13/2 | JKS | Communicated with computer forensic expert re scheduling and scope of investigation | $250 | 0.30 | $75.00 |
|---|---|---|---|---|---|
| 13/4 | JKS | Compiled information re emails for Rebecca Hendricks analysis & emailed same | $250 | 0.80 | $200.00 |
| 13/5 | JKS | participated in email exchange re server issues; met with expert, co counsel and Spencer Zimmerman re computer issues | $250 | 2.90 | $725.00 |
| 13/6 | JKS | Participated in phone conference with Steve Stallings and David Berardinelli re belated document production; participated in call with same & with expert Rebecca Hendricks re additional investigation; reviewed discovery requests & responses for obligations to provide this information | $250 | 7.30 | $1,825.00 |
| 13/8 | JKS | Conferred with team re completing of expert reports; obtained copy of Hendricks final report; drafted letter to OPC re same; served via email to all counsel; reviewed reports from Meridian's computer expert | $250 | 5.20 | $1,300.00 |
| 13/9 | JKS | Conferred by phone with Rebecca Hendricks re expert issues; conferred by phone with Steve Stallings re same | $250 | 0.80 | $200.00 |
| 13/14 | JKS | Prepared for and participated in deposition of Erin Ray | $250 | 10.00 | $2,500.00 |
| 14/3 | JKS | Emailed team re meeting with computer consultant; reviewed Ann Bernard deposition & various affidavit drafts to prepare for Receiver's deposition of Bernard; reviewed OCMC case documents re same | $250 | 8.40 | $2,100.00 |
| 14/5 | JKS | Prepared for and participated in deposition of Ron Pace; participated in conference call re Pace deposition with R. Hendricks and team | $250 | 4.10 | $1,025.00 |